**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHNNIE LEE BENDER, By and Through His Legal Guardian BARBARA STROWDER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA, ATTILA S. NEMETH, JR., M.D., RAMY F.T. MASROUJEH, M.D., and VICTOR A. CEICYS, M.D.,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE NO. ________**<br><br>**JUDGE __________________**<br><br>**COMPLAINT FOR MONETARY DAMAGES PURSUANT TO THE FEDERAL TORT CLAIMS ACT** |

Plaintiff Johnnie Lee Bender, by and through his attorneys and his duly appointed legal guardian, Barbara Strowder, files the following Complaint against the above-named Defendants, and for his cause of action, states and avers as follows:

**INTRODUCTION**

1. This is an action against Defendant The United States of America, brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* and 28 U.S.C. § 1346(b)(1), seeking compensatory damages for medical negligence in connection with medical care provided to Plaintiff Johnnie Bender by the United States Department of Veterans Affairs at the Louis Stokes Cleveland Veterans Affairs Medical Center in April 2013.

2. This action seeks monetary damages for personal injuries caused by the negligent acts and/or omissions of employees of the United States Government, acting within the scope of their employment, under circumstances in which the United States would be liable under the laws of the State of Ohio if it were a private person.

3. In compliance with 28 U.S.C. § 2675 and 28 C.F.R. § 14.2, Plaintiff Johnnie Bender timely served notice of his claim on the Department of Veterans Affairs on April 17, 2014, less than two years after the incident forming the basis of this suit, by filing a Standard Form 95.

**JURISDICTION AND VENUE**

4. All of the statements and averments in the preceding Paragraphs 1-3 are hereby incorporated by reference as if fully rewritten herein.

5. On December 29, 2014, the Department of Veterans Affairs sent Plaintiff a letter denying the administrative claim described in Paragraph 3, *supra*.

6. On March 20, 2015, pursuant to 28 C.F.R. § 14.9(b), Plaintiff Johnnie Bender filed with the Department of Veterans Affairs a request for reconsideration of the Department's denial of his administrative claim.

7. Plaintiff Johnnie Bender did not receive a final denial letter from the Department of Veterans Affairs by September 20, 2015—that is, within six months from March 20, 2015 as provided by 28 C.F.R. § 14.9(b)—and thus Plaintiff has the right to treat his administrative claim as having been constructively denied by the Department of Veterans Affairs pursuant to 28 U.S.C. § 2675(a).

8. This action is timely filed pursuant to 28 U.S.C. § 2675(a) and 28 U.S.C. § 2401(b), in that Plaintiff files this action within six months after the date of the constructive denial of Plaintiff's administrative claim by the Department of Veterans Affairs, as described in Paragraph 7, *supra*.

9. This Court possesses proper subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1346(b)(1), as this action is brought against Defendant The United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*, for damages caused by employees

and/or agents of the United States acting within the scope of their employment.

10. This Court possesses proper personal jurisdiction over the parties named herein.

11. Pursuant to 28 U.S.C. § 1402(b), venue is proper in the Northern District of Ohio, Eastern Division, inasmuch as all of the acts giving rise to Plaintiff's cause of action occurred at the Louis Stokes Cleveland Veterans Affairs Medical Center in Cleveland, Ohio, within the boundaries of the Northern District of Ohio, Eastern Division.

## THE PARTIES

12. All of the statements and averments in the preceding Paragraphs 1-11 are hereby incorporated by reference as if fully rewritten herein.

13. At all times relevant herein, Plaintiff Johnnie Lee Bender ("Bender") was and is a resident of the City of Cleveland in Cuyahoga County in the State of Ohio, within the boundaries of the Northern District of Ohio.

14. Plaintiff Johnnie Lee Bender is a retired veteran of the United States Navy and a beneficiary of the services of the Department of Veterans Affairs.

15. Plaintiff Johnnie Lee Bender was declared an incompetent person under the laws of the State of Ohio in *In re Guardianship of Johnnie Lee Bender*, Case No. 2013-GRD-190400, Cuyahoga County Court of Common Pleas, Probate Division. Said court appointed Plaintiff Bender's sister, Barbara Strowder, as his guardian.

16. Pursuant to Fed. R. Civ. P. 17(c)(1), this action is brought on behalf of Johnnie Lee Bender by and through Barbara Strowder, Johnnie Lee Bender's duly appointed guardian.

17. At all times relevant herein, Defendant The United States of America, through its administrative agency, the Department of Veterans Affairs, owned, operated, and controlled the Louis Stokes Cleveland Veterans Affairs Medical Center, located at 10701 East Boulevard,

Cleveland, Ohio 44106.

18. Defendant The United States of America, its administrative agency the Department of Veterans Affairs, the Louis Stokes Cleveland Veterans Affairs Medical Center, and all of its directors, officers, operators, administrators, employees, staff, and agents are hereinafter collectively referred to as "Defendant" or "Stokes VA Medical Center."

19. At all times relevant herein, Stokes VA Medical Center held itself out to eligible Veterans Affairs beneficiaries, including Plaintiff, as a provider of high quality health care services possessing the necessary expertise to maintain the health and safety of patients such as Plaintiff.

20. At all times relevant herein, Defendants Attila S. Nemeth, Jr., M.D., Ramy F.T. Masroujeh, M.D., and Victor A. Ceicys, M.D. were physicians duly licensed and practicing medicine pursuant to the laws of the State of Ohio.

21. At all times relevant herein, Defendants Attila S. Nemeth, Jr., M.D., Ramy F.T. Masroujeh, M.D., and Victor A. Ceicys, M.D. were residents of the State of Ohio, resided within the boundaries of the Northern District of Ohio, and conducted business in Cuyahoga County within the Northern District of Ohio.

22. At all times relevant herein, the directors, officers, operators, administrators, employees, physicians, nurses, staff, and/or agents of Stokes VA Medical Center, including but not limited to physicians Attila S. Nemeth, Jr. M.D., Ramy F.T. Masroujeh, M.D., and Victor A. Ceicys, M.D., were employed by and/or were agents of Defendant and were acting within the course and scope of their employment by and/or agency with Defendant, such that Defendant The United States of America is responsible for their negligent acts pursuant to the doctrine of *respondeat superior*.

23. At all times relevant herein, Defendant physicians Attila S. Nemeth, Jr. M.D., Ramy

F.T. Masroujeh, M.D., and Victor A. Ceicys, M.D. were employees and/or agents of Defendant and were acting within the course and scope of their employment and/or agency relationship with Defendant The United States of America such that Defendant The United States of America is liable for their negligent acts and/or omissions, and any damages stemming therefrom, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*

## ALLEGATIONS OF FACT

24. All of the statements and averments in the preceding Paragraphs 1-23 are hereby incorporated by reference as if fully rewritten herein.

25. On or about April 4, 2013, Johnnie Lee Bender was a patient at Stokes VA Medical Center, and was in a physician-patient relationship with and was under the care of physicians including but not limited to Attila S. Nemeth, Jr. M.D., Ramy F.T. Masroujeh, M.D., and Victor A. Ceicys, M.D., who were employees and/or agents of Stokes VA Medical Center and Defendant United States of America.

26. On that same date, Johnnie Bender presented to the emergency department at Stokes VA Medical Center with signs and symptoms of acute coronary syndrome, including chest pain radiating into his arms.

27. Plaintiff Bender was discharged from the emergency department at Stokes VA Medical Center after a diagnosis of epigastric/periumbilical pain of an unknown etiology.

28. While attempting to leave the hospital, Plaintiff Bender collapsed in the hospital entrance and violently and traumatically struck his head as he fell to the ground.

29. Plaintiff Bender was found unresponsive and was rushed back into the emergency department at Stokes VA Medical Center, where he suffered a cardiac arrest.

30. Following a CT scan which showed mild swelling to the front of Plaintiff Bender's

head, Plaintiff Bender was transferred from Stokes VA Medical Center to University Hospitals Case Medical Center for an emergent cardiac catheterization procedure.

31. After the catheterization procedure, it was discovered that when Plaintiff Bender collapsed at the entrance to Stokes VA Medical Center, he suffered a subdural crainial hemorrhage, the severity of which necessitated that Plaintiff Bender undergo an emergent hemi-craniectomy procedure at Case Medical Center.

32. Defendant, by itself and/or by and through its employees and/or agents, including but not limited to Attila S. Nemeth, Jr. M.D., Ramy F.T. Masroujeh, M.D., and/or Victor A. Ceicys, M.D., was negligent and breached the standard of care in rendering medical care and treatment to Plaintiff Bender at Stokes VA Medical Center on April 4, 2013, because of the failure to diagnose and treat Plaintiff Bender's heart condition, failure to appropriately and safely discharge the patient in a wheelchair, and failure to diagnose Plaintiff Bender's evolving intracranial hemorrhage.

33. As a direct and proximate result of the below-described negligent acts or omissions of Defendant, by itself and/or by and through its employees and/or agents, including but not limited to Attila S. Nemeth, Jr. M.D., Ramy F.T. Masroujeh, M.D., and/or Victor A. Ceicys, M.D., Plaintiff Bender sustained permanent brain damage and is permanently disabled, entitling him to an award of monetary damages pursuant to the Federal Tort Claims Act.

34. As a further direct and proximate result of the below-described negligent acts or omissions of Defendant, by itself and/or by and through its employees and/or agents, including but not limited to Attila S. Nemeth, Jr. M.D., Ramy F.T. Masroujeh, M.D., and/or Victor A. Ceicys, M.D., Plaintiff Bender was hospitalized, incurred medical expenses, will require future medical treatment and will incur additional medical and other expenses and costs into the indefinite future, thus entitling him to an award of monetary damages pursuant to the Federal Tort Claims Act.

## CAUSES OF ACTION

35. All of the statements and averments in the preceding Paragraphs 1-34 are hereby incorporated by reference as if fully rewritten herein.

36. The acts and/or omissions set forth herein below would constitute a cognizable claim for medical malpractice under the laws of the State of Ohio.

37. Pursuant to 28 U.S.C. § 1346(b)(1), Defendant The United States of America is liable to Plaintiff Bender for damages he sustained as a direct and proximate result of the acts and/or omissions set forth below.

## COUNT ONE – NEGLIGENCE

38. Defendant and its employees and/or agents had a duty to provide safe medical care to, and to be reasonably careful when providing medical treatment to, Plaintiff Johnnie Bender.

39. Defendant and its employees and/or agents had a duty to avoid causing injury to Bender while he was under Defendant's care, and had a duty to prevent avoidable harm to Bender.

40. Defendant, by itself and/or by and through its employees and/or agents, failed to properly provide appropriate medical services to Bender, failed to recognize and adequately treat Bender's condition, failed to take medically appropriate measures at a time when such medical care, treatment, and attention was required, and/or took medically inappropriate measures to address Bender's condition.

41. Defendant, by itself and/or by and through its employees and/or agents, was negligent in rendering medical care and treatment to Plaintiff Bender by, *inter alia*, failing to recognize and/or failing to timely treat Plaintiff Bender's acute cardiac condition, failing to safely discharge the patient, and failing to diagnose and timely treat Plaintiff Bender's evolving intracranial hemorrhage.

42. Defendant, by itself and/or by and through its employees and/or agents, was negligent in failing to employ and/or contract with physicians, nurses, and/or other individuals who could and would treat Plaintiff Bender with the same level of care that other reasonably careful medical providers and physicians would provide under the same circumstances.

43. Defendant, by itself and/or by and through its employees and/or agents, including but not limited to Attila S. Nemeth, Jr. M.D., Ramy F.T. Masroujeh, M.D., and/or Victor A. Ceicys, M.D., failed to properly provide medical services to Plaintiff Bender, failed to provide appropriate staffing, and/or otherwise failed to have proper policies, procedures, and protocols in place to ensure that quality medical care was rendered to Defendant's patients, including Plaintiff Bender.

44. Defendant, by itself and/or by and through its employees and/or agents, was negligent in failing to employ and/or contract with individuals who could and would treat Plaintiff Bender in accordance with accepted standards and practices of health care facilities.

45. Defendant, by itself and/or by and through its employees and/or agents, failed to establish appropriate policies, procedures, bylaws, and/or other standards for physicians, nurses, and/or other medical providers who were employed by and/or were in a contractual and/or agency relationship with Defendant to provide medical care at Stokes VA Medical Center.

46. As a direct and proximate result of the negligence of Defendant, by itself and/or by and through its agents and/or employees, Plaintiff Bender was not provided with proper medical treatment within the requisite standard of care, and suffered injuries and damages as a direct and proximate result of that improper medical treatment.

47. As a direct and proximate result of the negligence of Defendant, by itself and/or by and through its agents and/or employees, Plaintiff Bender suffered injuries and damages, including but not limited to a severe traumatic brain injury resulting in permanent disability and Plaintiff

Bender's being declared incompetent.

48. As a further direct and proximate result of the negligence of Defendant, by itself and/or by and through its agents and/or employees, Plaintiff Bender has sustained pain and suffering and permanent physical injury, and has incurred medical expenses, and will continue to require medical treatment and incur additional medical expenses into the indefinite future.

**PRAYER FOR RELIEF**

**WHEREFORE,** on Count One set forth above, Plaintiff Johnnie Lee Bender, by and through his duly appointed legal guardian Barbara Strowder, hereby prays that judgment be entered in his favor and against Defendant The United States of America as follows:

A. Past and future medical expenses, lost wages, pain and suffering, future impairment, loss of enjoyment of life, and cost of future care, in an amount totaling $4,000,000.00;

B. Pre- and/or post-judgment interest as allowed by law;

C. Reasonable costs incurred in bringing this action;

D. Reasonable attorneys' fees incurred in bringing this action; and,

E. Any and all other relief at law or in equity that this Court may deem just and proper to adequately compensate Plaintiff for his injuries in this matter.

Respectfully submitted,

THOMAS D. ROBENALT (OHIO #0055960)
**THE ROBENALT LAW FIRM, INC.**
23550 Center Ridge Road, Suite 103
Westlake, Ohio 44145
Phone: (216) 223-7535
Fax: (216) 860-4390
trobenalt@robenaltlaw.com
***Attorney for Plaintiff, Johnnie Lee Bender***